## Sharpless Estate

*Kevin Holleran,* for estate.
*Harold J. Berger,* for wife.

WOOD, *J.,* November 5, 1980—On April 29, 1974, Robert C. Sharpless, incompetent, and Donna Lee Sharpless, his wife, executed a separation agreement which covered matters between themselves, and also matters concerning their child Rene. It is agreed that neither party really made any effort to comply with or to enforce the requirements of that agreement. Thereafter, Robert Sharpless' comprehension deserted him, and he went into a

comatose state. On December 15, 1975, he was adjudicated incompetent, and Southeast National Bank was appointed as his guardian.

Southeast National Bank apparently now receives veteran's and social security benefits which are in excess of the amounts required to maintain the incompetent, so that the bank has accumulated, and will in the future continue to accumulate, funds over and above those needed for the incompetent's maintenance.

In the meantime, Donna Lee Sharpless, on behalf of herself and her daughter, has requested that the bank make certain payments for the maintenance of herself and her daughter, and in particular that they purchase some furniture and pay her legal bills. In turn, the bank has petitioned us not only for our views on the requested payments, but also for guidance as to future requests. We will respond to the bank's petition in the hopes of laying out guidelines for the guardian of the incompetent which will help to avoid future litigation over the disposition of the incompetent's estate.

We believe that the first obligation of the guardian, and the first use to be made of the incompetent's funds, is to provide assurance that there will be sufficient funds to care for the incompetent until his death. Estate of Slight, 467 Pa. 619, 359 A.2d 773 (1976). Southeast National Bank should therefore calculate what amounts will be needed for that purpose, based upon the present and likely future cost of incompetent's care, and the present and likely future availability of funds.

If, after making those calculations, there are funds left over, it is the court's belief that such excess funds may and should be used for the maintenance and support of the incompetent's daughter, Rene. The amounts to be contributed towards

Rene's support will be dependent in part upon the resources available to Donna Lee Sharpless, and for want of a better guideline, the bank may, if it wishes, consult the Chester County Support Guidelines used by this court in deciding support cases. It would be permissible but not necessary to make periodic payments. It would also be permissible but not necessary to respond to individual requests for money, as long as such requests are designed to provide for Rene's maintenance and support.

If, even after the two types of payments mentioned above, there are any sums remaining to the fiduciary, they may respond to requests for necessary support and maintenance made on behalf of Donna Lee Sharpless. We believe that since the parties apparently did not seek to enforce the terms of their separation agreement, we should not seek to enforce those terms either. We take no position on whether the terms of such an agreement survive the incompetency of one of the parties. With respect to payments made to Donna Lee Sharpless, we suggest that rather than periodic payments, it would be more appropriate to respond to specific requests made by Donna Lee Sharpless, where such requests can be shown to be necessary to her support and maintenance.

With regard to the specific requests now before us, in light of the foregoing standards, we consider that the guardian may pay for the furniture, as requested. We consider that the guardian should pay legal bills of Donna Lee Sharpless only insofar as they can be shown to have been incurred for the support and maintenance of Rene, and then to the extent funds are available, for Donna Lee. The bill presented to the court is couched in such terms that it is difficult to determine what part of it was made necessary for support and maintenance payments,

and what part of it was made necessary by domestic difficulties between the incompetent and Donna Lee Sharpless which were involved with matters other than support and maintenance. We suggest that counsel submit a new bill segregating only those matters connected with support and maintenance, and that if the guardian finds that bill to be in order, it be paid.

Accordingly, we decree that the guardian proceed in accordance with the foregoing opinion, and this decree shall become final unless exceptions are filed thereto within the time period provided by law.